IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MANUEL RODRIGUEZ | ) | CASE NO.  1:11-CV-1633 |
| | ) | |
| Plaintiff, | ) | JUDGE GAUGHAN |
| | ) | |
| v. | ) | MAGISTRATE BAUGHMAN |
| | ) | |
| PPG INDUSTRIES, INC. | ) | **DEFENDANT PPG INDUSTRIES,** |
| | ) | **INC.'S MOTION TO DISMISS AND** |
| Defendant. | ) | **MEMORANDUM IN SUPPORT OF** |
| | ) | **MOTION TO DISMISS** |

Now comes Defendant PPG Industries, Inc. ("PPG") by and through counsel, and hereby respectfully moves this Court, pursuant to Ohio Civil Rule 12(b)(6), to dismiss Plaintiff Manuel Rodriguez's ("Plaintiff") Complaint in its entirety.  As grounds for this Motion, more fully set forth in the accompanying Memorandum in Support, attached hereto and incorporated herein, PPG states as follows:

- Count I, an intentional infliction of emotional distress claim ("IIED") claim, fails because Plaintiff has not plead all of the requisite elements of such a claim or set forth requisite factual allegations to raise his right to relief beyond a speculative level.  The IIED *prima facie* elements are: (1) the employer intended to cause emotional distress; (2) the employer's conduct was so extreme and outrageous to cause serious emotional distress; and (3) the employer's actions were the proximate cause of plaintiff's serious emotional distress.  Further, Ohio courts have stringently applied the intentional infliction standards in employment actions. Here, there is no allegation in the Complaint that any PPG representative intended to cause Plaintiff emotional distress. Likewise, the Complaint fails to identify any requisite extreme and outrageous conduct by PPG.  Nor are there requisite facts to support the proximate cause element. Instead, Plaintiff makes legally insufficient conclusory allegations.  Notably, another federal court in Ohio has previously found that similarly bare allegations were insufficient to state a claim for IIED in another case filed by Plaintiff's attorney. *Carpenter v. Kaiser Found. Health Plan of Ohio, Inc.*, No. 04CV1689, 2005 WL 1123611 (N.D. Ohio May 11, 2005).

- Count II, which alleges age discrimination in violation of Ohio Revised Code §4112.99, fails to state a claim because Plaintiff has not sufficiently alleged a causal connection between his age and the termination but instead has made a bare-bones

recital that PPG terminated him because of his age without setting forth requisite supporting factual allegations. Under relevant case law, 12(b)(6) dismissal is warranted, even under liberal pleading standards.

- Similarly, Count III, a disability discrimination claim under Ohio Revised Code §4112.99, is subject to 12(b)(6) dismissal because it is an insufficient threadbare legal recitation of the elements without requisite supporting factual allegations. Further, the claim is subject to dismissal because it fails to clearly identify the purported impairment. Thus, under relevant case law, Count III should be dismissed pursuant to Rule 12(b)(6).

Thus, Plaintiff can prove no set of facts entitling him to recovery and his Complaint must be dismissed in its entirety.

Respectfully submitted,

*/s/ Christine T. Cossler*
Eric J. Johnson (Reg. No. 0072939)
Direct Dial: 216-928-2890
Email: ejohnson@walterhav.com
Christine T. Cossler (Reg. No. 0075340)
Direct Dial: 216-928-2946
Email: ccossler@walterhav.com
Kate V. Davis (Reg. No. 0076331)
Direct Dial: 216-928-2932
Email: kdavis@walterhav.com

WALTER & HAVERFIELD LLP
1301 East Ninth Street, Suite 3500
Cleveland, Ohio 44114
(PH) 216-781-1212 / (FAX) 216-575-0911

*Attorneys for Defendant PPG Industries, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of August 2011, a copy of the foregoing motion to dismiss and memorandum in support was filed electronically with this Court's electronic filing system.

                                           _/s/ Christine T. Cossler_
                                           One of the Attorneys for Defendant PPG Industries, Inc.