IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MANUEL RODRIGUEZ | ) | CASE NO. 1:11-CV-1633 |
| | ) | |
| Plaintiff, | ) | JUDGE GAUGHAN |
| | ) | |
| v. | ) | MAGISTRATE BAUGHMAN |
| | ) | |
| PPG INDUSTRIES, INC. | ) | **DEFENDANT PPG INDUSTRIES, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** |
| | ) | |
| Defendant. | ) | |
| | ) | |

*<u>/s/ Christine T. Cossler</u>*
Eric J. Johnson (Reg. No. 0072939)
E-mail: ejohnson@walterhav.com
Direct Dial: 216.928.2890
Christine T. Cossler (Reg. No. 0075340)
E-mail: ccossler@walterhav.com
Direct Dial: 216.928.2946
Kate V. Davis (Reg. No. 0076331)
Direct Dial: 216-928-2932
Email: kdavis@walterhav.com

WALTER & HAVERFIELD LLP
1301 E. 9th Street, Suite 3500
Cleveland, Ohio 44114-1821
(Main Phone) 216.781.1212
(Main Fax) 216.575.0911

*Attorneys for Defendant PPG Industries, Inc.*

# CERTIFICATION

I, Christine T. Cossler, certify:

1. This case has not yet been assigned to a case management track but likely will be assigned to the standard case management track.

2. Local Rule 7.1(g) provides that memoranda relating to dispositive motions in standard cases shall not exceed twenty (20) pages. Defendants' Memorandum in Support of its Motion to Dismiss in the above-captioned case does not exceed this page limitation.

*/s/ Christine T. Cossler*

## BRIEF STATEMENT OF THE ISSUE

Whether Plaintiff Manuel Rodriguez ("Plaintiff") can somehow survive Rule(12)(b)(6) dismissal where his allegations, even if accepted as true, fail to state a claim upon which relief may be granted?

## SUMMARY OF THE ARGUMENT PRESENTED

For its summary of the argument, Defendant PPG Industries, Inc. ("PPG" or "Defendant") states as follows:

- Count I, an intentional infliction of emotional distress claim ("IIED") claim, fails because Plaintiff has not plead all of the requisite elements of such a claim or set forth requisite factual allegations to raise his right to relief beyond a speculative level. The IIED *prima facie* elements are: (1) the employer intended to cause emotional distress; (2) the employer's conduct was so extreme and outrageous to cause serious emotional distress; and (3) the employer's actions were the proximate cause of plaintiff's serious emotional distress. Further, Ohio courts have stringently applied the intentional infliction standards in employment actions. Here, there is no allegation in the Complaint that any PPG representative intended to cause Plaintiff emotional distress. Likewise, the Complaint fails to identify any requisite extreme and outrageous conduct by PPG. Nor are there requisite facts to support the proximate cause element. Instead, Plaintiff makes legally insufficient conclusory allegations. Notably, another federal court in Ohio has previously found that similarly bare allegations were insufficient to state a claim for IIED in another case filed by Plaintiff's attorney. *Carpenter v. Kaiser Found. Health Plan of Ohio, Inc.*, No. 04CV1689, 2005 WL 1123611 (N.D. Ohio May 11, 2005).

- Count II, which alleges age discrimination in violation of Ohio Revised Code §4112.99, fails to state a claim because Plaintiff has not sufficiently alleged a causal connection between his age and the termination but instead has made a bare-bones recital that PPG terminated him because of his age without setting forth requisite supporting factual allegations. Under relevant case law, 12(b)(6) dismissal is warranted, even under liberal pleading standards.

- Similarly, Count III, a disability discrimination claim under Ohio Revised Code §4112.99, is subject to 12(b)(6) dismissal because it is an insufficient threadbare legal recitation of the elements without requisite supporting factual allegations. Further, the claim is subject to dismissal because it fails to clearly identify the purported impairment. Thus, under relevant case law, Count III should be dismissed pursuant to Rule 12(b)(6).

# TABLE OF CONTENTS

**PAGE**


I. BRIEF STATEMENT OF FACTS ..... 1

II. LAW AND ANALYSIS ..... 2

A. RULE 12(B)(6) REQUIRES DISMISSAL WHERE, AS HERE, THERE IS AN ABSENCE OF LAW TO SUPPORT THE CLAIM, A BAR TO RELIEF ON THE FACE OF THE COMPLAINT, OR AN ABSENCE OF FACTS SUFFICIENT TO MAKE A CLAIM ..... 2

B. COUNT I MUST BE DISMISSED BECAUSE PLAINTIFF HAS NOT ALLEGED KEY ELEMENTS OR SUFFICIENT FACTUAL ALLEGATIONS TO SUPPORT THEM ..... 3

C. THE AGE AND DISABILITY DISCRIMINATION CLAIMS FAIL TO MEET PLEADING REQUIREMENTS BECAUSE THEY ARE THREADBARE RECITALS WITHOUT REQUISITE SUPPORTING FACTUAL ALLEGATIONS AND THE DISABILITY DISCRIMINATION CLAIM ALSO FAILS TO CLEARLY IDENTIFY THE PURPORTED IMPAIRMENT ..... 6

1. THE AGE AND DISABILITY DISCRIMINATION CLAIMS ARE INSUFFICIENT BARE-BONES RECITALS ..... 6

2. THE DISABILITY DISCRIMINATION CLAIM ALSO FAILS TO CLEARLY IDENTIFY THE PURPORTED IMPAIRMENT ..... 8

III. CONCLUSION ..... 10

# TABLE OF AUTHORITIES

**Page**

## Cases

*Anthony v. TRW, Inc*. (N.D. Ohio 1989), 726 F. Supp. 175 ........................................................ 5
*Ashcroft v. Iqbal* (2009), 129 S.Ct. 1937 ........................................................................................ 3
*Baab v. AMR Services Corp.* (N.D. Ohio 1993), 811 F. Supp. 1246............................................. 5
*Barber v. Humana, Inc.* (W.D. Ky. May 24, 2010), 2010 WL 2106659 ....................................... 9
*Bell Atlantic Corp. v. Twombly* (2007), 550 U.S. 544 ............................................................. 3, 4
*Boske v. Massillon City Sch. Dist.* (5th App. Dist. Feb. 7, 2011), 2011 Ohio 580 ......................... 3
*Carpenter v. Kaiser Found. Health Plan of Ohio, Inc*. (N.D. Ohio May 11, 2005), No. 04CV1689, 2005 WL 1123611 ........................................................................................... 4, 5
*City of Columbus Civil Serv. Comm'n v. McGlone* (1998), 82 Ohio St.3d 569 .......................... 10
*Coleman v. Ford Motor Co.* (N.D. Ohio June 17, 2005), 2005 WL 1459549............................... 9
*Columbia Natural Res., Inc. v. Tatum* (6th Cir. 1995), 58 F.3d 1101 ............................................ 4
*EEOC v. Routh* (6th Cir. 2001), 246 F.3d 850.................................................................................. 9
*Fulakis v. Columbus Public Schs.* (6th Cir. Dec. 17, 2002), 53 Fed. Appx. 340............................ 9
*Gallo v. Westfield Nat'l Ins. Co.* (8th App. Dist. March 12, 2009), 2009 Ohio 1094 ..................... 4
*Guirguis v. Movers Specialty Servs., Inc.* (3d Cir. 2009), 346 Fed. Appx. 774 ......................... 7, 8
*Hoffman v. Fraser* (11th App. Dist. May 6, 2011), 2011 Ohio 2200 ............................................. 3
*Hood v. Diamond Prods., Inc.* (1996), 74 Ohio St.3d 298 ........................................................... 9
*Johnson-Bey v. Brentwall, LLC* (W.D. Mich. July 6, 2007), 2007 WL 2021861.................... 9, 10
*Karipidis v. Ace Gaming, LLC* (D. N.J. June 9, 2010), 2010 WL 2521209 ................................. 7
*Little v. UNUM Provident Corp.* (S.D. Ohio 2002), 196 F. Supp.2d 659 .................................... 2
*Miller v. Premier Indust. Corp*. (8th Dist. 2000), 136 Ohio App. 3d 662 ...................................... 4
*Mubashshir v. Moore* (N.D. Ohio April 19, 2011), 2011 WL 1496670......................................... 7
*O'Brien v. Univ. Cmty. Tenants Union, Inc.* (1975), 42 Ohio St.2d 242....................................... 2
*Pinchot v. Mahoning Cty. Sheriff's Dep't* (7th App. Dist. 2005), 164 Ohio App.3d 718 ............... 9
*Rauch v. Day & Night Mfg. Corp.* (6th Cir. 1978), 576 F.2d 697 .................................................. 2
*State, ex rel. Seikbert v. Wilkinson* (1994), 69 Ohio St.3d 489....................................................... 3
*Vagas v. City of Hudson,* (9th Dist. Ct. App. 2009), 2009 Ohio 6794 ........................................... 3
*Williams v. Ohio Edison* (8th App. Dist. Oct. 29, 2009), 2009 Ohio 5702 ...................................... 7
*Yeager v. Local Union 20* (1983), 6 Ohio St.3d 369 ..................................................................... 5

## Statutes

Ohio Rev. Code §4112.01(A)(13) ................................................................................................ 9
Ohio Revised Code 4112.99 ......................................................................................... 1, 2, 6, 9

## Rules

Ohio Rules of Civil Procedure 12(b)(6)....................................................................... 2, 3, 4, 5, 8

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MANUEL RODRIGUEZ | ) | CASE NO. 1:11-CV-1633 |
| | ) | |
| Plaintiff, | ) | JUDGE GAUGHAN |
| | ) | |
| v. | ) | MAGISTRATE BAUGHMAN |
| | ) | |
| PPG INDUSTRIES, INC. | ) | **DEFENDANT PPG INDUSTRIES, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** |
| | ) | |
| Defendant. | ) | |

## I. BRIEF STATEMENT OF FACTS

Plaintiff Manuel Rodriguez ("Plaintiff") brings a three-count Complaint against his former employer PPG Industries, Inc. ("PPG") for age discrimination, disability discrimination and intentional infliction of emotional distress ("IIED").

Count I, a terse intentional infliction of emotional distress claim, merely alleges that "Defendant's wrongful discharge of Plaintiff resulted in the intentional infliction of emotional distress on Plaintiff." (*Id.* ¶9). The Complaint does not allege, nor identify, the extreme and outrageous conduct. (*Id.* ¶¶1-18). Nor is there any allegation that any PPG representative intended to cause Plaintiff emotional distress. (*Id.*).

Count II is an age discrimination claim under Ohio Revised Code 4112.99. The bare-bones allegations state: 1) "Plaintiff is in an age protected class"; 2) "Defendant terminated Plaintiff on June 17, 2008"; 3) "The Defendant filled Plaintiff's position with and/or retained substantially younger/non-handicapped employees as a result of Plaintiff's termination"; and 4) "Defendant discharged Plaintiff because of his age." (*Id.* ¶¶2, 6-7, 13).

Lastly, Count III is labeled as a disability discrimination claim under Ohio Revised Code Section 4112.99. (*Id.* ¶¶15-18). The Complaint sets forth few allegations in support of this claim, instead tersely alleging:

> 5. Plaintiff suffers from drug dependency and is handicapped. Defendant was made aware of Plaintiff's handicap. On or about June 12, 2008, Plaintiff suffered a heat stroke which was exacerbated by his handicap while at work. Plaintiff left his work area briefly to recover. Plaintiff did not leave the Defendant's premises. Defendant falsely accused Plaintiff of sleeping on the job and retaliatory conduct.
> 6. Defendant terminated Plaintiff on June 17, 2008.
> 7. That Defendant filled Plaintiff's position with and/or retained substantially younger/non-handicapped employees as a result of Plaintiff's termination.
>
> ******
>
> 17. Defendant discharged Plaintiff because of his handicap.

(*Id.* ¶¶5-7, 17).

As discussed further below, the Complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim. None of the claims meet pleading requirements but instead are a series of legal conclusions couched as factual allegations.

## II. LAW AND ANALYSIS

### A. RULE 12(B)(6) REQUIRES DISMISSAL WHERE, AS HERE, THERE IS AN ABSENCE OF LAW TO SUPPORT THE CLAIM, A BAR TO RELIEF ON THE FACE OF THE COMPLAINT, OR AN ABSENCE OF FACTS SUFFICIENT TO MAKE A CLAIM.

Rule 12(b)(6) dismissal is appropriate where, as here, the non-moving party "can prove no set of facts entitling him to recovery," *O'Brien v. Univ. Cmty. Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, syll., or "there is an absence of law to support a claim of the type made, or of facts sufficient to make a valid claim." *Little v. UNUM Provident Corp.* (S.D. Ohio 2002), 196 F. Supp.2d 659, 662 (emphasis added), *citing Rauch v. Day & Night Mfg. Corp.* (6th Cir. 1978), 576 F.2d 697.

"While a complaint attacked by a Civ.R. 12(b)(6) motion to dismiss does not need detailed factual allegations, ***the plaintiff's obligation to provide the grounds for his entitlement***

***to relief requires more than conclusions, and a mere recitation of the elements of a cause of action without factual enhancement will not suffice***." *Hoffman v. Fraser* (11th App. Dist. May 6, 2011), 2011 Ohio 2200, ¶21 (emphasis added) (unreported) (attached),[1] *citing Bell Atlantic Corp. v. Twombly* (2007), 550 U.S. 544, 555; *see also Boske v. Massillon City Sch. Dist.* (5th App. Dist. Feb. 7, 2011), 2011 Ohio 580 (unreported) (attached), *citing Twombly* (plaintiff "has an obligation to set out the grounds for the claim for relief using more than labels or conclusions"). Thus, in deciding a motion to dismiss, a court is not bound to accept as true a legal conclusion couched as a factual allegation. *State, ex rel. Seikbert v. Wilkinson* (1994), 69 Ohio St.3d 489, 490.

Stated another way, as the United States Supreme Court has noted regarding the analogous federal pleading requirements, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal* (2009), 129 S.Ct. 1937. *See also Vagas v. City of Hudson* (9th Dist. Ct. App. 2009), 2009 Ohio 6794, ¶13 (unreported) (attached) (noting that Ohio and federal pleading requirements are "virtually identical"). Finally, "the claims set forth in the complaint must be plausible rather than merely conceivable," *Boske,* 2011 Ohio 580 (internal citation omitted), and factual allegations must be enough to raise a right to relief above the speculative level. *Twombly,* 550 U.S. 544.

The Complaint here does not meet these pleading standards and should be dismissed.

### B. COUNT I MUST BE DISMISSED BECAUSE PLAINTIFF HAS NOT ALLEGED KEY ELEMENTS OR SUFFICIENT FACTUAL ALLEGATIONS TO SUPPORT THEM.

Count I, an IIED claim, is subject to Rule 12(b)(6) dismissal because it fails to allege or sufficiently support the requisite intent and extreme and outrageous elements. It also does not set forth sufficient factual matter to support the proximate cause element. To state a valid claim, a

[1] All unreported cases are attached as Exhibit 1.

"complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable theory." *Columbia Natural Res., Inc. v. Tatum* (6th Cir. 1995), 58 F.3d 1101, 1109. Further, to survive a 12(b)(6) motion to dismiss, civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible, rather than conceivable. *Gallo v. Westfield Nat'l Ins. Co.* (8th App. Dist. March 12, 2009), 2009 Ohio 1094 (unreported) (attached), *citing Twombly*, 550 U.S. 544.

Thus, to state an IIED claim and survive a 12(b)(6) motion, a plaintiff must set out sufficient factual matter to show a facially plausible claim by making allegations supporting each of the following elements: (1) the employer intended to cause emotional distress; (2) the employer's conduct was so extreme and outrageous to cause serious emotional distress; and (3) the employer's actions were the proximate cause of plaintiff's serious emotional distress. *Miller v. Premier Indust. Corp*. (8th Dist. 2000), 136 Ohio App. 3d 662, 674. *See also Carpenter v. Kaiser Found. Health Plan of Ohio, Inc*. (N.D. Ohio May 11, 2005), No. 04CV1689, 2005 WL 1123611, *3 (unreported) (attached). This, Plaintiff has not done.

Here, there is no allegation in the Complaint that any PPG representative intended to cause Plaintiff emotional distress. (Compl. ¶¶1-18). Likewise, the Complaint fails to identify any requisite extreme and outrageous conduct by PPG or set forth sufficient facts to support the proximate cause element. *Id.* Instead, Count I tersely alleges:

> 8. The allegations of Paragraphs 1 to 7 are herein incorporated by reference.
> 9. Defendant's wrongful discharge of Plaintiff resulted in the intentional infliction of emotional distress on Plaintiff.
> 10. As a direct and proximate result of Defendant's actions, Plaintiff has suffered injury, damage, and loss.

(Compl. ¶¶8-10).

Notably, in another case filed by Plaintiff's attorney, another Northern District of Ohio court found that remarkably similar, bare allegations were insufficient to state a claim for IIED and dismissed the claim pursuant to 12(b)(6). *Carpenter*, 2005 WL 1123611. As the *Carpenter* court explained:

> To state a proper claim, Carpenter must allege direct or inferential factual support for all of the material elements of a cause of action. Carpenter states only that, "the actions of Defendant resulted in the intentional infliction of emotional distress," and that Carpenter, "has suffered injury, damage and loss, including emotional distress and other damage." Compl., ¶¶ 10-11. ***Carpenter fails to set forth allegations describing*** what conduct of Kaiser allegedly caused the emotional distress, ***that those actions were extreme and outrageous***, and that the alleged conduct was the proximate cause of Carpenter's distress. ***Carpenter merely relies on a conclusory statement, which is not sufficient to state a proper claim***.

*Id.* at *3-4 (internal citations omitted) (emphasis added).

Likewise, here, Plaintiff had not alleged and/or properly supported the requisite intent, proximate cause and extreme and outrageous conduct elements but instead relies upon a conclusory statement which is not sufficient to state a claim. Moreover, Plaintiff's bare reference to his purported "wrongful discharge" does not satisfy the extreme and outrageous element as Ohio courts have stringently applied the intentional infliction standards in employment actions. *See, e.g., Baab v. AMR Servs. Corp.* (N.D. Ohio 1993), 811 F. Supp. 1246, 1269 ("Clearly then, to say that Ohio courts narrowly define 'extreme and outrageous conduct' would be something of an understatement."); *Anthony v. TRW, Inc.* (N.D. Ohio 1989), 726 F. Supp. 175, 181. Further, regarding the extreme and outrageous element, the defendant's conduct must be so extreme and outrageous that it "goes beyond all bounds of decency." *Yeager v. Local Union 20* (1983), 6 Ohio St.3d 369, *abrogated on other grounds*. Even if Plaintiff had alleged extreme and outrageous conduct, there is no allegation, or supporting facts, that PPG's conduct in discharging Plaintiff goes beyond all bounds of decency.

Thus, even under liberal pleading standards, the IIED claim cannot survive a motion to dismiss and Count I should be dismissed as a matter of law.

### C. THE AGE AND DISABILITY DISCRIMINATION CLAIMS FAIL TO MEET PLEADING REQUIREMENTS BECAUSE THEY ARE THREADBARE RECITALS WITHOUT REQUISITE SUPPORTING FACTUAL ALLEGATIONS AND THE DISABILITY DISCRIMINATION CLAIM ALSO FAILS TO CLEARLY IDENTIFY THE PURPORTED IMPAIRMENT.

Counts II and III, an age and disability discrimination claim pursuant to Ohio Revised Code §4112.99, should be dismissed because Plaintiff has not met pleading requirements but instead makes a threadbare accusation that Chapter 4112 was violated without the required supporting factual allegations. Additionally, the disability discrimination claim fails because it does not clearly identify the purported impairment.

#### 1. The Age And Disability Discrimination Claims Are Insufficient Bare-bones Recitals.

The age and disability discrimination claims should both be dismissed because they are insufficient accusations of harm without requisite supporting allegations to raise the right to relief above a speculative level. Count II alleges:

> 11. As a further and separate cause of action the Plaintiff states as follows.
> 12. The allegations of Paragraphs 1 through 11 are herein incorporated by reference.
> 13. Defendant discharged Plaintiff because of his age.
> 14. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered injury, including emotional distress and other damage.

(Compl. ¶¶11-14).

Similarly, Count III, labeled as a disability discrimination claim pursuant to Ohio Revised Code Chapter 4112.99, tersely alleges that "Plaintiff suffers from drug dependency and is handicapped" and that "Defendant was made aware of Plaintiff's handicap." (*Id*. ¶5). The Complaint further conclusorily asserts that "Defendant discharged Plaintiff because of his

handicap." (*Id*. ¶17).

These allegations do not state a claim as a matter of law. None of the factual assertions explain why Plaintiff believes his age or undefined "handicap" motivated his discharge or set forth a plausible basis for relief on those grounds. ***There are no factual allegations linking any adverse employment action to Plaintiff's age or purported handicap, beyond the unadorned conclusory allegations that Defendant unlawfully discriminated against him because of his age and/or disability.*** Notably, Plaintiff has not alleged that PPG was made aware of any purported disability ***prior*** to his discharge. (*Id*. ¶5).

Making a threadbare allegation that one was discharged because of his age or disability, without any supporting factual allegations to show a plausible, rather than purely speculative, right to relief, will not survive a motion to dismiss because such a bare-bones recital is too broad to give the opposing party notice and show entitlement to relief. *See, e.g., Mubashshir v. Moore* (N.D. Ohio April 19, 2011), 2011 WL 1496670 (unreported) (attached) ("The pleading standard of Rule 8 does not require detailed factual allegations, but it demands more than an unexplained accusation of harm"); *Guirguis v. Movers Specialty Servs., Inc.* (3d Cir. 2009), 346 Fed. Appx. 774, 776 (unreported) (attached) ("Although a plaintiff may use legal conclusions to provide the structure for the complaint, the pleading's factual content must independently 'permit the court to infer more than the mere possibility of misconduct.'"); *Karipidis v. Ace Gaming, LLC* (D. N.J. June 9, 2010), 2010 WL 2521209, *8 (unreported) (attached). *Cf. Williams v. Ohio Edison* (8th App. Dist. Oct. 29, 2009), 2009 Ohio 5702, ¶15 (unreported) (attached) (internal citation omitted) (factual allegations must be enough to raise a right to relief above the speculative level);

The conclusory statement that substantially younger or non-disabled employees were retained or filled Plaintiff's position, without accompanying facts to support a similarly situated

showing, does not meet pleading requirements. *Karipidis,* 2010 WL 2521209, *8-9 (merely stating non-disabled, American-born employees with lesser qualifications and performance records were being retained is insufficient to state a claim as a matter of law).

As one court explained in dismissing a disability discrimination claim for failure to adequately plead causation:

> Karipidis's Complaint is defective in another respect. Plaintiff failed to satisfy the third element of a *prima facie* case for disability discrimination, which requires that Plaintiff show he suffered an adverse employment decision as a result of discrimination. ***Plaintiff's general claim that he was terminated for discriminatory reasons is too broad to put the opposing party on notice of his claims and fails to show that he is entitled to relief***.

*Karipidis*, 2010 WL 2521209, *8 (emphasis added).

Likewise, as another court explained in dismissing a similarly deficient discrimination claim:

> In his complaint Guirguis alleged that he was 'an Egyptian native of Arab descent, that Movers discharged him, and that his termination occurred in violation of his civil rights. ***The Third Circuit held that those statements amounted to unsupported legal conclusions and were inadequate to surmount a 12(b)(6) motion. Furthermore, the court agreed that the complaint never intimated why Guirguis believed that national origin motivated Movers' actions.***

*Guirguis*, 346 Fed. Appx. at 776 (emphasis added).

Likewise, here, the terse and conclusory recitals in Plaintiff's Complaint fail to state a claim that Plaintiff suffered an adverse employment decision as a result of age or disability discrimination, and thus, the claim is subject to 12(b)(6) dismissal.

Thus, Counts II and III should be dismissed pursuant to Rule 12(b)(6).

**2. The Disability Discrimination Claim Also Fails To Clearly Identify The Purported Impairment.**

Count III, the disability discrimination claim, is also subject to dismissal because it fails to clearly specify the allegedly disabling impairment. To state a claim for disability

discrimination under Chapter 4112, a plaintiff must demonstrate: 1) that he was disabled; 2) that the employer took an adverse action against the employee because of the disability; and 3) the employee could perform the essential functions of the job. *Hood v. Diamond Prods., Inc.* (1996), 74 Ohio St.3d 298. To show one is disabled, an employee must establish s/he has a physical or mental impairment which substantially limits a major life activity. *See, e.g.,* Ohio Rev. Code §4112.01(A)(13); *Pinchot v. Mahoning Cty. Sheriff's Dep't* (7th App. Dist. 2005), 164 Ohio App.3d 718, 722.

Here, the Complaint merely alleges, in conclusory fashion, that "Plaintiff suffers from drug dependency and is handicapped" and that "Defendant was made aware of Plaintiff's handicap." (Compl. ¶5). The Complaint further alleges that "Plaintiff suffered a heat stroke which was exacerbated by his handicap while at work." *Id.* It is not clear from these allegations what the purported disability is or that Plaintiff is disabled.

Case law is clear that failure to identify the particular impairment(s) is fatal to the claim at the motion to dismiss stage. *See Fulakis v. Columbus Public Schs.* (6th Cir. Dec. 17, 2002), 53 Fed. Appx. 340, 342 (granting judgment on the pleadings where the plaintiff failed to specify the nature of her disability) (unreported) (attached); *Coleman v. Ford Motor Co.* (N.D. Ohio June 17, 2005), 2005 WL 1459549, *2 (unreported) (attached) (dismissing disability claim for failure to specify the particular impairment); *Barber v. Humana, Inc.* (W.D. Ky. May 24, 2010), 2010 WL 2106659, * 2 (unreported) (attached) ("***Stating one has a 'heart condition' is little better than stating that one is disabled because of a 'medical condition,' which certainly would not be sufficient under the Supreme Court's recent precedent***") (emphasis added); *Johnson-Bey v. Brentwall, LLC* (W.D. Mich. July 6, 2007), 2007 WL 2021861, *3 (unreported) (attached). *Cf. EEOC v. Routh* (6th Cir. 2001), 246 F.3d 850, 854 (finding that the substantially limited major

life activity does not need to be specifically identified in the pleading, ***so long as the claimed impairment is identified***).

As one court explained in finding that a similar type of "I am disabled under the law" allegation, which did not specify the impairment, was insufficient to state a claim:

> ***[P]laintiff's allegation that he is a 'disable[d] person' is insufficient to establish relief under the ADA*** . . .
>
> ******
>
> Under the notice pleading provisions of Fed. R. Civ. P. 8, a plaintiff must 'give the defendant fair notice of the claim and its supporting facts. To state a claim for relief under the ADA, the complaint must notify the defendant of the 'claimed impairment,' but does not need to specifically identify the 'substantially limited major life activity' affected by the impairment. ***Here, plaintiff's complaint does not notify defendant of the 'claimed impairment' that entitles him to fall within the scope of the ADA. A defendant is entitled to judgment on the pleadings when an allegedly disabled plaintiff makes only conclusory allegations of disability that fail to demonstrate the existence of a disability under the ADA.***

*Johnson-Bey*, 2007 WL 2021861, *3 (emphasis added).

Likewise, here, because the Complaint fails to clearly identify the particular impairment(s), it fails as a matter of law and should be dismissed. Further, while the foregoing cases involve Americans With Disabilities Act ("ADA") claims, the ADA standards and case law are instructive in deciding disability discrimination claims brought under Ohio law. *City of Columbus Civil Serv. Comm'n v. McGlone* (1998), 82 Ohio St.3d 569.

Thus, Count III should be dismissed pursuant to Rule 12(b)(6).

## III. CONCLUSION

For the foregoing reasons, Defendant PPG Industries, Inc. respectfully moves this Court to dismiss the action in its entirety.

Respectfully submitted,

*/s/ Christine T. Cossler*

Eric J. Johnson (Reg. No. 0072939)
Direct Dial: 216-928-2890
Email: ejohnson@walterhav.com
Christine T. Cossler (Reg. No. 0075340)
Direct Dial: 216-928-2946
Email: ccossler@walterhav.com
Kate V. Davis (Reg. No. 0076331)
Direct Dial: 216-928-2932
Email: kdavis@walterhav.com

WALTER & HAVERFIELD LLP
1301 East Ninth Street, Suite 3500
Cleveland, Ohio 44114
(PH) 216-781-1212 / (FAX) 216-575-0911

*Attorneys for Defendant PPG Industries, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of August 2011, a copy of the foregoing motion to dismiss and memorandum in support was filed electronically with this Court's electronic filing system.

*/s/ Christine T. Cossler*
One of the Attorneys for Defendant PPG Industries, Inc.