# IN THE UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF OHIO

# EASTERN DIVISION

| | |
|---|---|
| MANUEL RODRIGUEZ, | CASE NO: 1:11-CV-1633 |
| Plaintiff, | JUDGE: GAUGHAN |
| vs. | |
| PPG INDUSTRIES, INC., | **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS** |
| Defendant. | |

___

Now comes the Plaintiff Manuel Rodriguez, by and through undersigned counsel, and moves the Court for an Order denying Defendant's Motion to Dismiss. The Plaintiff has alleged sufficient facts which would entitle him to relief. A Brief in Opposition, is attached and incorporated herein by reference,

Respectfully submitted,

/s/ Eric D. Hall
Eric D. Hall, #0067566
Attorney for Plaintiff
P.O. Box 232
Medina, Ohio 44258
330-245-7504
attorneyhall@yahoo.com

**BRIEF IN OPPOSITION**

In their motion and supporting brief, Defendant contends that Plaintiff's Complaint fails to state a claim upon which relief can be granted. Despite Defendant's assertions, it is not entitled to the relief sought in its motion.

I. **STANDARD OF REVIEW**

**Ohio R. Civ. P. 12(B) (6)**

In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted (Civ. R. 12(B) (6)), it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. O'Brien v. Univ. Community Tenants Union (1975), 42 Ohio St. 2d 242, 327 N.E. 2d 753, syllabus. The trial court's focus should be strictly upon the complaint as factual findings are never required. See State sx rel. Drake v. Athens Cty. Bd. Of Elections (1988), 39 Ohio St. 3d 40, 41, 528 N.E. 2d 1253. All factual allegations in the complaint are to be presumed to be true and all reasonable inferences are made in favor of the complainant. Mitchell v. Lawson Milk Co. (1988), 40 Ohio St. 3d 190.

II. **ARGUMENT**

**Fed. R. 8(a)(2)**

Rule 8(a)'s express language, which requires simply that the complaint "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." In Swierkiewicz v. Sorema N.A. 534 U.S. 506 (2002), the Court held that under Rule 8(a)(2), a

complaint does not have to allege facts that establish a prima facie case, but rather just needs a short and plain statement of the claims showing why they are entitled to relief. Plaintiff's complaint easily satisfies Rule 8(a)'s requirements because it gives Defendant fair notice of the basis for his claims and the grounds upon which they rest. In addition, it states claims upon which relief can be granted under Ohio Revised Code Section 4112.99. Thus the complaint is sufficient to survive Defendant's motion to dismiss.

### Age and Handicap Discrimination

Defendant contends Plaintiff has failed to allege sufficient facts to entitle him to relief on his claim for age and handicap discrimination. Although as previously set forth, Plaintiff is not required to allege facts that establish a prima facie case, However, Plaintiff's Complaint in fact does allege sufficient facts to set forth a prima facie case for age and handicap discrimination. In order to establish discrimination through circumstantial evidence in the State of Ohio, a Plaintiff must first establish a prima facie case under the McDonell Douglas evidentiary framework. Mitchell v. Toledo Hospital, 964 F. 2d 577 (6th Cir. 1992).

The four prong test is:

1) They are a member of a protected class;

2) That they are qualified for the position;

3) That an adverse employment action has been taken against them; and

4) That the circumstances give rise to an inference of discrimination; i.e., they were replaced by a person who was not a member of the protected class.

The Plaintiff establishes the prima facie case. Prong one is established because he over 40 years old and he suffered from drug dependency making him a member of protected classes. (See Plaintiff's Complaint). To be qualified under Prong two, most courts only require that

the plaintiff show that they meet the objective hiring requirements of the position. Medina v. Ramsey Steel, 238 F. 2d 674, 681 (5th Cir. 2001). "When assessing whether a plaintiff met his employer's [q]ualifications at the prima facie stage of a termination case, a court must examine plaintiff's evidence independent of the nondiscriminatory reason "produced" by the defense as it's reason for terminating plaintiff." Cline v. Catholic Diocese of Toledo, 206 F. 2d 651, 660-61 (6th Cir. 1999). The Plaintiff has me the objective hiring standards for the position he held with Defendant because Defendant actually hired him for the position. (See Plaintiff's Complaint). The Third prong of the test is satisfied when the Plaintiff was terminated from employment by Defendant. (See Plaintiff's Complaint). Finally, the circumstances surrounding his termination give rise to an inference of discrimination because Defendant replaced Plaintiff with and/or retained similarly situated non-handicapped younger employees, thereby satisfying the Fourth prong of the McDonnell Douglas framework. (See Plaintiff's Complaint). The Plaintiff has provided enough information to meet the prima facie case and has alleged sufficient facts upon which relief can be granted. Therefore, based on the foregoing, Defendant's Motion to Dismiss should be denied.

**Intentional Infliction of Emotional Distress**

Defendant next contends that Plaintiff has failed to allege sufficient facts to support a claim for intentional infliction of emotional distress. Under the appropriate facts, a terminated employee may be able to allege a claim for intentional infliction of emotional distress. In Yeager v. Local Union 20, 6 Ohio St. 3d 369, 453 N.E. 2d 666 (1983), the Ohio Supreme Court held:

> One who by severe and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.

In the instant case, Defendant's discharge of Plaintiff came without any warning and caused Plaintiff to experience loss of sleep, extreme nervousness and severe emotional distress. Moreover, Defendant falsely accused Plaintiff of sleeping on the job and retaliatory conduct. (See Plaintiff's Complaint). Clearly, Defendant's discharge of Plaintiff constitutes the type of severe and outrageous conduct enunciated in <u>Yeager</u>.

### III. **CONCLUSION**

Based on the foregoing, Plaintiff Manuel Rodriguez respectfully urges this Honorable Court to deny Defendant's Motion to Dismiss.

                                                Respectfully submitted,

                                                /s/ Eric D. Hall_____

                                                Eric D. Hall, #0067566
                                                Attorney for Plaintiff
                                                P.O. Box 232
                                                Medina, Ohio 44258
                                                330-245-7504

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing was filed electronically with this Court's electronic filing system on September 12, 2011.

/s/ Eric D. Hall_____

Eric D. Hall
Attorney for Plaintiff