IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MANUEL RODRIGUEZ | ) | CASE NO.  1:11-CV-1633 |
| | ) | |
| Plaintiff, | ) | JUDGE GAUGHAN |
| | ) | |
| v. | ) | MAGISTRATE BAUGHMAN |
| | ) | |
| PPG INDUSTRIES, INC. | ) | **DEFENDANT PPG INDUSTRIES,** |
| | ) | **INC.'S REPLY SUPPORTING** |
| Defendant. | ) | **MEMORANDUM IN SUPPORT OF** |
| | ) | **MOTION TO DISMISS** |

*/s/ Christine T. Cossler*
Eric J. Johnson (Reg. No. 0072939)
E-mail: ejohnson@walterhav.com
Direct Dial: 216.928.2890
Christine T. Cossler (Reg. No. 0075340)
E-mail: ccossler@walterhav.com
Direct Dial: 216.928.2946
Kate V. Davis (Reg. No. 0076331)
Direct Dial: 216-928-2932
Email: kdavis@walterhav.com

WALTER & HAVERFIELD LLP
1301 E. 9th Street, Suite 3500
Cleveland, Ohio  44114-1821
(Main Phone) 216.781.1212
(Main Fax) 216.575.0911

*Attorneys for Defendant PPG Industries, Inc.*

**TABLE OF CONTENTS**

**PAGE**

CERTIFICATION ................................................................................................................. iii

BRIEF STATEMENT OF THE ISSUE ................................................................................ iv

SUMMARY OF THE ARGUMENT PRESENTED.............................................................. iv

I. INTRODUCTION .....................................................................................................1

II. LAW AND ANALYSIS ............................................................................................2

    A. A BARE RECITAL OF THE ELEMENTS OF A CAUSE OF ACTION WITHOUT FACTUAL ALLEGATIONS TO SHOW THE PLAUSABILITY OF THE CLAIM DOES NOT MEET PLEADING REQUIREMENTS, INCLUDING NOTICE PLEADING REQUIREMENTS....................................................................................2

    B. THE IIED CLAIM MUST BE DISMISSED BECAUSE PLAINTIFF HAS NOT ALLEGED KEY ELEMENTS OR SUFFICIENT FACTUAL ALLEGATIONS TO SUPPORT THEM ........................................................................3

        1. *Carpenter* is On-Point And Requires Dismissal Of The IIED Claim..........................................................................................3

    C. THE AGE AND DISABILITY DISCRIMINATION CLAIMS FAIL TO MEET PLEADING REQUIREMENTS BECAUSE THEY ARE CONCUSORY RECITALS WITHOUT REQUISITE SUPPORTING ALLEGATIONS TO SHOW A PLAUSIBLE RIGHT TO RELIEF ......................5

        1. The Complaint Does Not State A Plain Or Plausible Basis For Relief ..........................................................................................5

        2. *Swierkiewicz* Does Not Save The Discrimination Claims From Dismissal ..........................................................................................6

III. CONCLUSION..........................................................................................................9

# **TABLE OF AUTHORITIES**

**Page**

*Ansley v. Fla. Dep't of Revenue* (N.D.Fla. July 8, 2009), 2009 WL 1973548 ...............................7
*Anthony v. TRW, Inc*. (N.D. Ohio 1989), 726 F. Supp. 175 .............................................................4
*Ashcroft v. Iqbal* (2009), 129 S.Ct. 1937 ................................................................................3, 7, 8, 9
*Baab v. AMR Servs. Corp.* (N.D. Ohio 1993), 811 F. Supp. 1246 ....................................................4
*Bell Atlantic Corp. v. Twombly* (2007), 550 U.S. 544 ..............................................................2, 3, 8, 9
*Boske v. Massillon City Sch. Dist.* (5th App. Dist. Feb. 7, 2011)*, 2011-Ohio-580* ....................2, 3
*Carpenter v. Kaiser Found. Health Plan of Ohio, Inc.*, No. 04CV1689, 2005 WL 1123611
    (N.D. Ohio May 11, 2005)................................................................................................ iv, 4, 7
*Courie v. Alcoa Wheel & Forged Products* (6th Cir. 2009) 577 F.3d 625 ......................................6
*E.E.O.C. v. Wells Fargo Fin. Michigan, Inc.* (E.D.Mich. May 4, 2011),
    2011 WL 1690037 ........................................................................................................................6
*Fletcher v. Philip Morris U.S.A.* (E.D.Va. July 14, 2009), 2009 WL 2067807 ..............................7
*Hoffman v. Fraser* (11th App. Dist. May 6, 2011), 2011-Ohio-2200...............................................2
*Karipidis v. Ace Gaming, LLC* (D. N.J. June 9, 2010), 2010 WL 2521209 .....................................5
*Kasten v. Ford Motor Co*. (E.D.Mich. Oct. 30, 2009), 2009 WL 3628012...............................7, 8
*Kohus v. Ohio State Patrol* (S.D. Ohio Feb. 15, 2011), 2011 WL 1234021 ..................................8
*Little v. UNUM Provident Corp.* (S.D. Ohio 2002), 196 F. Supp.2d 659 ........................................2
*Little Forest Med. Ctr. Of Akron v. Ohio Civ. Rights Comm.* (1991), 61 Ohio St.33 607 .............8
*Mers v. Dispatch Printing Co*. (1985), 19 Ohio St. 3d 100 ..............................................................4
*Miller v. Premier Indust. Corp.* (8th App. Dist. 2000), 126 Ohio App. 3d 662 ..............................3
*Mubashshir v. Moore* (N.D. Ohio April 19, 2011), 2011 WL 1496670 ..........................................5
*O'Brien v. Univ. Cmty. Tenants Union, Inc.* (1975), 42 Ohio St.2d 242 ........................................2
*Rauch v. Day & Night Mfg. Corp.* (6th Cir. 1978), 576 F.2d 697 ...................................................2
*State, ex rel. Seikbert v. Wilkinson* (1994), 69 Ohio St.3d 489.......................................................2
*Swierkiewicz v. Sorema N.A.* (2002), 534 U.S. 506...........................................................6, 7, 8, 9
*Vagas v. City of Hudson* (9th Dist. Ct. App. 2009), 2009-Ohio-6794..............................................3

**STATUTES**

Ohio Revised Code §4112 ...............................................................................................................6
Ohio Revised Code §4112.99 .................................................................................................. iv, 1

**OTHER AUTHORITIES**

Civil Rule (12)(b)(6) ................................................................................................ iv, 1, 2, 3, 4, 6, 9
Civil Rule 8 ..................................................................................................................................3, 5
Local Rule 7.1(g) ..........................................................................................................................iii

# **CERTIFICATION**

I, Christine T. Cossler, certify:

1. This case has not yet been assigned to a case management track but likely will be assigned to the standard case management track.

2. Local Rule 7.1(g) provides that memoranda relating to dispositive motions in standard cases shall not exceed twenty (20) pages. Defendant's Reply Supporting Memorandum in Support of its Motion to Dismiss in the above-captioned case does not exceed this page limitation.

                                                  */s/ Christine T. Cossler*

BRIEF STATEMENT OF THE ISSUE

Whether Plaintiff Manuel Rodriguez ("Plaintiff") can survive Rule (12)(b)(6) dismissal where his allegations, even if accepted as true, fail to state a claim upon which relief may be granted?

SUMMARY OF THE ARGUMENT PRESENTED

For its summary of the argument, Defendant PPG Industries, Inc. ("PPG" or "Defendant") states as follows:

- Count I, an intentional infliction of emotional distress claim ("IIED") claim, fails because Plaintiff has not pled all of the requisite elements of such a claim or set forth requisite factual allegations to raise his right to relief beyond a speculative level. There is no allegation in the Complaint that any PPG representative intended to cause Plaintiff emotional distress. Likewise, the Complaint fails to identify any requisite extreme and outrageous conduct by PPG or requisite facts to support the proximate cause element. Instead, Plaintiff makes legally insufficient conclusory allegations. The Opposition does not get past this. Notably, another Ohio federal court previously found that similarly bare allegations were insufficient to state an IIED claim in another case filed by Plaintiff's attorney. *Carpenter v. Kaiser Found. Health Plan of Ohio, Inc.*, No. 04CV1689, 2005 WL 1123611 (N.D. Ohio May 11, 2005).

- Counts II & III, which allege age and disability discrimination in violation of Ohio Revised Code §4112.99, fail to state a claim because Plaintiff has not sufficiently pled a discrimination claim. Instead, Plaintiff has made a conclusory recital that PPG terminated him because of his age or disability without setting forth requisite supporting factual allegations to establish a plausible claim.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MANUEL RODRIGUEZ | ) | CASE NO.  1:11-CV-1633 |
| | ) | |
| Plaintiff, | ) | JUDGE GAUGHAN |
| | ) | |
| v. | ) | MAGISTRATE BAUGHMAN |
| | ) | |
| PPG INDUSTRIES, INC. | ) | **DEFENDANT PPG INDUSTRIES,** |
| | ) | **INC.'S REPLY SUPPORTING** |
| Defendant. | ) | **MEMORANDUM IN SUPPORT OF** |
| | ) | **MOTION TO DISMISS** |

**I.    INTRODUCTION**

Nothing in Plaintiff Manuel Rodriguez's ("Plaintiff") Opposition overcomes the fact that his *Complaint* against his former employer, PPG Industries, Inc. ("PPG"), fails to state a claim under Civil Rule 12(b)(6).  Fundamentally, none of the claims - age and disability discrimination and intentional infliction of emotional distress ("IIED") - state a plausible basis for relief and thus, they are subject to dismissal under relevant case law.

Count I, a skeletal IIED claim, fails because the Complaint does not allege, nor identify, the extreme and outrageous conduct.  (Compl. ¶¶1-18).  Nor is there any allegation that any PPG representative intended to cause Plaintiff emotional distress.  (*Id.*).  Under relevant case law, this is insufficient to state a claim as a matter of law.

Counts II and III, an age and disability discrimination claim under Ohio Revised Code 4112.99, are subject to dismissal because they are a deficient series of legal conclusions couched as factual allegations.  Neither claim sets forth factual allegations supporting a plausible basis for relief and thus, both are subject to dismissal, even under liberal notice pleading requirements.  As discussed further below, the pleading standards cited by Plaintiff do not compel a different result.

{26203 / 01127877 - 1}

Thus, as discussed below and in the motion to dismiss, Plaintiff's Complaint must be dismissed for failure to state a claim.

## II. LAW AND ANALYSIS

### A. A BARE RECITAL OF THE ELEMENTS OF A CAUSE OF ACTION WITHOUT FACTUAL ALLEGATIONS TO SHOW THE PLAUSIBILITY OF THE CLAIM DOES NOT MEET PLEADING REQUIREMENTS, INCLUDING NOTICE PLEADING REQUIREMENTS.

All of Plaintiffs' claims are subject to Rule 12(b)(6) dismissal because they fail to meet pleading requirements, including notice pleading requirements, or otherwise fail to state a viable claim. "While a complaint attacked by a Civ. R. 12(B)(6) motion to dismiss does not need detailed factual allegations, *the plaintiff's obligation to provide the grounds for his entitlement to relief requires more than conclusions, and a mere recitation of the elements of a cause of action without factual enhancement will not suffice*." *Hoffman v. Fraser* (11th App. Dist. May 6, 2011), 2011-Ohio-2200, ¶21 (emphasis added) (unreported)[1], *citing Bell Atlantic Corp. v. Twombly* (2007), 550 U.S. 544, 555; *see also Boske v. Massillon City Sch. Dist.* (5th App. Dist. Feb. 7, 2011), 2011-Ohio-580 (unreported), *citing Twombly* (plaintiff "has an obligation to set out the grounds for the claim for relief using more than labels or conclusions"). Thus, in deciding a motion to dismiss, a court is not bound to accept as true a legal conclusion couched as a factual allegation. *State, ex rel. Seikbert v. Wilkinson* (1994), 69 Ohio St.3d 489, 490.

Rule 12(b)(6) dismissal is appropriate where, as here, the non-moving party "can prove no set of facts entitling him to recovery," *O'Brien v. Univ. Cmty. Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, syll., or "there is an absence of law to support a claim of the type made, or of facts sufficient to make a valid claim." *Little v. UNUM Provident Corp.* (S.D. Ohio 2002), 196 F. Supp.2d 659, 662 (emphasis added), *citing Rauch v. Day & Night Mfg. Corp.* (6th Cir. 1978), 576 F.2d 697.

---

[1] Unless otherwise noted, all unreported cases were attached to the motion to dismiss pleadings and will not be reattached here to avoid unnecessary duplication.

{26203 / 01127877 - 1} 2

Stated another way, as the United States Supreme Court has noted regarding the analogous federal pleading requirements, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal* (2009), 129 S.Ct. 1937. Further, Ohio courts have applied the *Twombly* standard to Ohio claims because the Ohio and federal pleading requirements are virtually identical. *Vagas v. City of Hudson* (9th Dist. Ct. App. 2009), 2009-Ohio-6794, ¶13 (unreported). Finally, "the claims set forth in the complaint must be plausible rather than merely conceivable," *Boske,* 2011 Ohio 580 (internal citation omitted), and factual allegations must be enough to raise a right to relief above the speculative level. *Twombly,* 550 U.S. 544.

As discussed further below, Plaintiff's reliance upon Civil Rule 8 does not save the claims from dismissal. Many of the cases in Defendant's motion to dismiss expressly discussed Rule 8 in their analysis and it is implicit in others given that Rule 8 still requires a plain statement showing the pleader is entitled to relief. Plaintiff has not provided this plain statement. Thus, the Complaint does not meet these pleading standards and should be dismissed.

**B.     THE IIED CLAIM MUST BE DISMISSED BECAUSE PLAINTIFF HAS NOT ALLEGED KEY ELEMENTS OR SUFFICIENT FACTUAL ALLEGATIONS TO SUPPORT THEM.**

**1.     *Carpenter* is On-Point And Requires Dismissal Of the IIED Claim.**

The Opposition does not get past the fact that under Ohio law, the IIED claim is subject to Rule 12(b)(6) dismissal because it fails to <u>allege</u> or inferentially support the requisite IIED elements.[2] There is no allegation in the Complaint that any PPG representative intended to cause Plaintiff emotional distress. (Compl. ¶¶1-18). Likewise, the Complaint fails to identify any requisite extreme and outrageous conduct by PPG or set forth sufficient facts to inferentially support the proximate cause element. *Id.* As discussed in the motion to dismiss, this warrants

---

[2] The elements of an IIED claim are: (1) the employer intended to cause emotional distress; (2) the employer's conduct was so extreme and outrageous to cause serious emotional distress; and (3) the employer's actions were the proximate cause of plaintiff's serious emotional distress. *Miller v. Premier Indust. Corp.* (8th App. Dist. 2000), 136 Ohio App. 3d 662, 674.

{26203 / 01127877 - 1}            3

12(b)(6) dismissal. *See Carpenter v. Kaiser Found. Health Plan of Ohio, Inc*. (N.D. Ohio May 11, 2005), No. 04CV1689, 2005 WL 1123611, *3 (unreported).

As the *Carpenter* court explained in dismissing a similarly insufficient IIED claim in another case filed by Plaintiff's attorney:

> To state a proper claim, Carpenter must allege direct or inferential factual support for all of the material elements of a cause of action. Carpenter states only that, "the actions of Defendant resulted in the intentional infliction of emotional distress," and that Carpenter, "has suffered injury, damage and loss, including emotional distress and other damage." Compl., ¶¶ 10-11. ***Carpenter fails to set forth allegations describing what conduct of Kaiser allegedly caused the emotional distress***, ***that those actions were extreme and outrageous***, and that the alleged conduct was the proximate cause of Carpenter's distress. ***Carpenter merely relies on a conclusory statement, which is not sufficient to state a proper claim***. Carpenter's claim for IIED <u>fails the notice pleading requirement</u>, and therefore, this Court dismisses Count Two. . .

*Id.* at *3-4 (internal citations omitted) (emphasis added).

The Opposition does not cure these claim-precluding defects. Thus, *Carpenter* is on-point and requires dismissal of the IIED claim. Plaintiff's assertion in his Opposition that his discharge "came without any warning" does not save his claim. First, this allegation is not in the Complaint. Even if it were, such an allegation should not suffice to support the requisite "extreme and outrageous" element given that Ohio is an employment at-will state and the employment relationship may be ended at any time for any lawful reason, with or without notice. *See, e.g., Mers v. Dispatch Printing Co*. (1985), 19 Ohio St. 3d 100, 103 (Ohio is an at-will employment state). Further, Ohio courts have stringently applied the intentional infliction standards in employment actions. *Cf. Baab v. AMR Servs. Corp*. (N.D. Ohio 1993), 811 F. Supp. 1246, 1269 ("Clearly then, to say that Ohio courts narrowly define 'extreme and outrageous conduct' would be something of an understatement"); *Anthony v. TRW, Inc*. (N.D. Ohio 1989), 726 F. Supp. 175, 181.

Thus, even under liberal notice pleading standards, the IIED claim should be dismissed.

    **C.**     **THE AGE AND DISABILITY DISCRIMINATION CLAIMS FAIL TO MEET PLEADING REQUIREMENTS BECAUSE THEY ARE CONCLUSORY RECITALS WITHOUT REQUISITE SUPPORTING ALLEGATIONS TO SHOW A PLAUSIBLE RIGHT TO RELIEF.**

    **1. The Complaint Does Not State A Plain Or Plausible Basis For Relief.**

While Plaintiff has clarified that the purported impairment is "drug dependency", the Opposition does not change the fact that the Ohio age and disability discrimination claims do not set forth required operative facts to show a plausible right to relief and provide notice of the grounds of the claim.  There are no allegations linking the termination to Plaintiff's age or purported drug dependency, beyond the unadorned conclusory allegations that Defendant unlawfully discriminated against him because of his age and/or disability.  Notably, while Plaintiff alleges PPG was aware of his purported disability, he has not alleged that PPG was made aware of any purported disability *prior* to his discharge. (Compl. ¶5).

As discussed in the motion to dismiss, a threadbare allegation that one was discharged because of his age or disability, without any supporting factual allegations to show a plausible, rather than speculative, right to relief will not survive a motion to dismiss. *See, e.g., Karipidis v. Ace Gaming, LLC* (D. N.J. June 9, 2010), 2010 WL 2521209, *8-9 (unreported) (merely stating non-disabled, American-born employees with lesser qualifications and performance records were being retained is insufficient to state a disability discrimination claim as a matter of law).  *Cf. Mubashshir v. Moore* (N.D. Ohio April 19, 2011), 2011 WL 1496670 (unreported) ("The pleading standard of Rule 8 does not require detailed factual allegations, but it demands more than an unexplained accusation of harm").

As also discussed in the motion to dismiss, the conclusory statement that substantially younger or non-disabled employees filled Plaintiff's position or were retained does not satisfy pleading requirements.  To survive a motion to dismiss, the claim must not only provide notice, but must state a *plausible* claim for relief, even in the employment discrimination context.  *Cf.*

*Courie v. Alcoa Wheel & Forged Products* (6th Cir. 2009) 577 F.3d 625, 632 (discussing plausible standard in case which involved ORC 4112 claim and other claims).

Plaintiff alleges in his Complaint that he left his work area briefly to recover from alleged heat stroke on June 12, 2008 and then was terminated on June 17, 2008. (Compl. ¶¶5-6). He goes on to make the conclusory allegation that PPG "filled Plaintiff's position with and/or retained substantially younger/non-handicapped employees as a result of Plaintiff's termination." (*Id.* ¶7). The identities and ages of these purported individuals are not set forth, however. Further, there is no allegation that these allegedly substantially younger or non-disabled employees were *similarly situated* to Plaintiff. Nor are there any factual allegations to support a plausible inference of disparate treatment discrimination, such as an allegation that the younger or non-disabled employees also left their work area or had a comparable record to Plaintiff. Without operative facts to support that the discharge was due to age or disability discrimination, rather than a legitimate business reason, such as leaving the work area without telling anyone in violation of policy, Plaintiff has only stated a conceivable, rather than plausible, claim. Thus, Plaintiff has not met his burden to plead a plausible basis to support that his discharge was based upon his age or disability.

### 2. *Swierkiewicz* Does Not Save The Discrimination Claims From Dismissal.

Plaintiff's reliance upon *Swierkiewicz v. Sorema N.A.* (2002), 534 U.S. 506 does not save the discrimination claims from 12(b)(6) dismissal. Nothing in *Swierkiewicz* overrides the requirement that operative facts stating a plain or plausible basis for relief must be pled. In fact, courts applying *Swierkiewicz* have dismissed discrimination claims for failure to allege material facts in the complaint sufficient to state a plausible claim of discrimination. *See, e.g., E.E.O.C. v. Wells Fargo Fin. Michigan, Inc.* (E.D.Mich. May 4, 2011), 2011 WL 1690037, *3-4 (unreported) (attached) (construing *Swierkiewicz* and finding that an allegation that "Defendant

selected five (5) lesser qualified Caucasian individuals who were substantially younger than [plaintiff]" was insufficient to state an age discrimination claim because among other reasons, it did not set forth the identities or ages of the alleged lesser qualified candidates); *Kasten v. Ford Motor Co*. (E.D.Mich. Oct. 30, 2009), 2009 WL 3628012, *4-6 (unreported) (attached); *Ansley v. Fla. Dep't of Revenue* (N.D.Fla. July 8, 2009), 2009 WL 1973548 (unreported) (attached) (citing *Swierkiewicz* and dismissing claims, including disability discrimination claim, because among others, the conclusory allegation that similarly situated persons were treated more favorably, without a factual basis for that conclusion, was insufficient). *Cf. Carpenter*, 2005 WL 1123611, *5 (applying *Swierkiewicz* and noting that either direct or inferential allegations of fact respecting all of the material elements of a claim must be set forth); *Fletcher v. Philip Morris U.S.A*. (E.D.Va. July 14, 2009), 2009 WL 2067807, *6 (unreported) (attached) (applying *Swierkiewicz* and dismissing complaint that alleged that "'similarly situated whites, females and non-black males' were treated differently" reasoning that "[a]bsent factual allegations demonstrating that similarly situated employees of a different race or gender received more favorable treatment than Plaintiff, the Court cannot determine whether the treatment Plaintiff received differed").

     Likewise, here, Plaintiff has not set forth allegations of fact to support the plausibility of either the age or disability discrimination claim, and thus, neither states a claim as a matter of law. As a Michigan court explained in applying *Swierkiewicz* and finding an age discrimination (along with race and gender discrimination) claim was not sufficiently pled:[3]

> Regardless of whether Plaintiffs' Complaint touches on every element of the McDonnell Douglas *prima facie* case, it fails to allege sufficient material facts.
> ******
> The Complaint states Plaintiffs' ages, but does not name those who replaced them, or give their ages. It identifies the policy which resulted in their severance, but

---

[3] Although it found that the complaint did not meet pleading standards, the *Kasten* court granted the plaintiffs' request to amend the complaint rather than dismissing it based upon equitable considerations because the action began before *Iqbal* was decided.

{26203 / 01127877 - 1}    7

>does not explain why forced-ranking procedures disproportionately target older workers. It claims Ford was aware that such programs have discriminatory propensities, yet it does not state where this awareness came from, or supply evidence from which to infer that Ford designed the SIRP purposefully to cut older workers from its ranks.
>
>The Court has no doubt Plaintiffs' Complaint would have survived a motion to dismiss before *Iqbal* expanded *Twombly* to all civil actions. However, Plaintiffs' factual allegations are too meager to satisfy the Supreme Court's newly-announced standard.

*Kasten*, 2009 WL 3628012, *4-6.

Likewise, here, the Complaint does not name those who purportedly replaced Plaintiff or give their ages or otherwise state a plausible basis for age or disability discrimination. Notably, based upon the *Kasten* court's summary, the age discrimination allegations here sound remarkably similar to the allegations which were found to be insufficient in *Kasten*:

>For their age-related claims, Plaintiffs allege they are over 40 years-old, that Ford let them go while retaining younger, less-qualified workers for jobs they were qualified to perform, and that Ford employed a policy, the SIRP, which disproportionately targeted older workers because severance determinations were based on PCA evaluations.

*Id.* at *2-3.

Even though these cases involve federal discrimination law, they are instructive to the state law claims here because Ohio courts have looked to federal case law when considering claims of employment discrimination brought under the Ohio Revised Code. *See, e.g., Little Forest Med. Ctr. of Akron v. Ohio Civ. Rights Comm.* (1991), 61 Ohio St.3d 607, 610.

Thus, even under *Swierkiewicz*, Plaintiff must set forth direct or inferential allegations of operative facts regarding the material elements of a claim to provide notice of the grounds upon which the claim stands and a state plausible basis for relief. This, he has not done.

Further, *Swierkiewicz* was decided after *Iqbal* and *Twombly* and at least one Ohio court has noted that it is unsettled whether *Swierkiewicz* still applies in the Sixth Circuit. *See Kohus v. Ohio State Patrol* (S.D. Ohio Feb. 15, 2011), 2011 WL 1234021, *6 (unreported) (attached)

("even in the employment discrimination context, it remains an open question in the Sixth Circuit whether *Twombly* and *Iqbal* have effectively abrogated the portion of *Swierkiewicz* on which Plaintiff relied").

Thus, Counts II and III should be dismissed pursuant to Rule 12(b)(6).

### III.  CONCLUSION

For the foregoing reasons, Defendant PPG Industries, Inc. respectfully moves this Court to dismiss the action in its entirety.

Respectfully submitted,

*/s/ Christine T. Cossler*
Eric J. Johnson (Reg. No. 0072939)
Direct Dial: 216-928-2890
Email: ejohnson@walterhav.com
Christine T. Cossler (Reg. No. 0075340)
Direct Dial: 216-928-2946
Email: ccossler@walterhav.com
Kate V. Davis (Reg. No. 0076331)
Direct Dial: 216-928-2932
Email: kdavis@walterhav.com

WALTER & HAVERFIELD LLP
1301 East Ninth Street, Suite 3500
Cleveland, Ohio  44114
(PH) 216-781-1212 / (FAX) 216-575-0911

*Attorneys for Defendant PPG Industries, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of September 2011, a copy of the foregoing Reply supporting Motion to Dismiss was filed electronically with this Court's electronic filing system.

      */s/ Christine T. Cossler*
One of the Attorneys for Defendant PPG Industries, Inc.