**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Manuel Rodriguez,** | ) | **CASE NO. 1: 11 CV 1633** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **PPG Industries, Inc.,** | ) | <u>**Memorandum of Opinion and Order**</u> |
| | ) | |
| **Defendant.** | ) | |

This is a removed state law age and disability discrimination case. Pending before the Court is Defendant's Motion to Dismiss. (Doc. 4.) For the reasons stated below, the motion is granted as to Count I but denied as to Counts II and III.

**Background**

Plaintiff, Manuel Rodriguez, filed the complaint in this action in the Cuyahoga County Court of Common Pleas. The complaint alleges the following facts. Plaintiff was employed by Defendant PPG Industries, Inc. (PPG) in Ohio from February 16, 1976 until June 17, 2008. (Complt., ¶ 2.) Plaintiff was "at all times [a] dedicated employee of Defendant and performed his duties with skill and proficiency." (*Id*., ¶ 4.)

Plaintiff "is in an age protected class." In addition, plaintiff "suffers from drug

dependency and is handicapped." (*Id*., ¶¶ 2, 5.) On or about June 12, 2008, plaintiff "suffered a heat stroke which was exacerbated by his handicap while at work. Plaintiff left his work area briefly to recover." (*Id*., ¶ 5.) "Defendant falsely accused Plaintiff of sleeping on the job and retaliatory conduct" and terminated plaintiff on June 17, 2008. (*Id*., ¶¶ 5, 6.) "Defendant filled Plaintiff's position with and/or retained substantially younger/non-handicapped employees as a result of Plaintiff's termination." (*Id*., ¶ 7.)

Arising from these facts, plaintiff's complaint alleges three state law claims: intentional infliction of emotional distress (Count I), and age (Count II) and handicap discrimination (Count III) in violation of Ohio Rev. Code § 4112.99.

PPG removed the case to this Court on the basis of diversity jurisdiction[1] and moves to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6).

**Standard of Review**

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a complaint. In order to survive a motion to dismiss, a complaint's factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true. *Ass'n of Cleveland Firefighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). That is, the complaint must contain sufficient factual material to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility

---

[1] Although plaintiff's complaint alleges that PPG has its principal place of business in Ohio, PPG's notice of removal states that its principal place of business is Pennsylvania, thereby establishing complete diversity between PPG and plaintiff.

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

**Analysis**

*Count I*

In order to state a claim for intentional infliction of emotional distress under Ohio law, a plaintiff must allege that: (1) the defendant intended to cause the plaintiff serious emotional distress; (2) the defendant's conduct was "extreme and outrageous;" and (3) the defendant's conduct was the proximate cause of the plaintiff's distress. *Long v. Ford Motor Co.*, 193 F. Appx. 497, 502-03 (6th Cir. 2006), citing *Phung v. Waste Mgmt.*, 71 Ohio St.3d 408 (Ohio 1994). To be considered "extreme and outrageous" under Ohio law, conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Long*, 193 F.Appx. at 502-03. An employee's termination alone, even if unlawful and based upon impermissible discrimination, does not rise to the level of extreme and outrageous conduct. *Godfredson v. Hess & Clark, Inc.*, 173 F.3d 365, 376 (6th Cir. 1999). In addition, serious emotional injury exists only where "a reasonable person, normally constituted, would be unable to cope adequately with a mental distress engendered by the circumstances of the case." *Smith v. Ameriflora 1992, Inc.*, 96 Ohio App.3d 179, 644 N.E.2d 1038, 1045 (Ohio App. 1994).

Plaintiff's claim for intentional infliction of emotional distress alleges merely that "Defendant's wrongful discharge of Plaintiff resulted in the intentional infliction of emotional distress on Plaintiff" and that as a result of "Defendant's action, Plaintiff has suffered injury, damage, and loss." (Complt., ¶¶ 9, 10.) These allegations are insufficient to demonstrate a plausible claim for relief. In his opposition brief, plaintiff also asserts that "Defendant's discharge of Plaintiff came without any warning and caused Plaintiff to experience loss of sleep, extreme nervousness and severe emotional distress" and that "Defendant falsely accused Plaintiff of sleeping on the job and retaliatory conduct." (Opp. at 5.) However, these assertions are also insufficient to state a claim. Plaintiff does not allege that PPG intended to cause him emotional distress, which is an element of the intentional tort. Further, all of the conduct attributed to PPG – *i.e.*, suddenly and wrongfully terminating plaintiff and falsely accusing him of sleeping on the job and retaliatory conduct – even if true, characterizes an alleged unlawful termination, which is not "extreme and outrageous" conduct as a matter of Ohio law. *See, e,g*, *Godfredson*, 173 F.3d 365 (employment discrimination without more is not extreme and outrageous conduct). Further, Plaintiff's assertions that he suffered sleeplessness and nervousness do not demonstrate "serious emotional injury," which, as stated above, is emotional injury with which a reasonable person, normally constituted, would be unable to cope.

In sum, plaintiff's allegations are insufficient to show a plausible claim for intentional infliction of emotional distress under Ohio law. Therefore, defendant's motion to dismiss is granted as to Count I.

*Counts II and III*

Age discrimination claims brought under Ohio law are analyzed under the same framework as the federal Age Discrimination in Employment Act. A plaintiff can establish an age discrimination claim either by providing direct evidence of discrimination or by providing indirect evidence that satisfies the burden shifting evidentiary framework set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973). Under the *McDonnell Douglas* approach, a plaintiff has the initial burden of establishing a *prima facie* case of discrimination. If a plaintiff does so, the burden shifts to the defendant to offer a legitimate, nondiscriminatory reason for its actions.

To establish a *prima facie* case of age discrimination, a plaintiff must show that he: (1) was at least 40 years old at the time of the alleged discrimination; (2) suffered an adverse employment action; (3) was qualified for the position, and (4) was either replaced by or treated less favorably than a similarly situated employee from outside the protected class. *McElroy v. Philips Med. Sys. N. Am., Inc.*, 127 F.Appx. 161, 166 (6th Cir. 2005).

Handicap discrimination claims under the Ohio Revised Code are also analyzed under the *McDonnell Douglas* burden shifting approach. To establish a *prima facie* case of handicap discrimination under the Ohio Revised Code, the person seeking relief must demonstrate that: (1) he was handicapped, (2) an adverse employment action was taken by an employer at least in part because the individual was handicapped, and (3) the person, though handicapped, can safely and substantially perform the essential functions of the job in question. *Hood v. Diamond Prods., Inc*., 74 Ohio St.3d 298, 302 (1996).

Plaintiff contends he has adequately alleged *prima facie* age and handicap discrimination claims because he is "over 40 years old and . . . suffered from a drug

dependency making him a member of protected classes;" he met the objective requirements for the position in that defendant hired him; he was terminated from the position; and the circumstances surrounding his termination are sufficient to give rise to an inference of discrimination because defendant "replaced Plaintiff with and/or retained similarly-situated non-handicapped younger employees." (Pltf. Opp. at 4.)

PPG contends plaintiff's "Ohio age and disability discrimination claims do not set forth required operative facts to show a plausible right to relief and provide notice of the grounds of the claim[s]." (Rep. at 5.) Specifically, PPG complains "[t]here are no allegations linking the termination to Plaintiff's age or purported drug dependency, beyond unadorned conclusory allegations that Defendant unlawfully discriminated against [plaintiff] because of his age and/or disability;" plaintiff "has not alleged that PPG was made aware of any purported disability *prior* to his discharge;" and plaintiff has not specifically alleged the "identities and ages of [the] purported individuals" who replaced him, or facts demonstrating that the "allegedly substantially younger or non-disabled employees were *similarly-situated* to Plaintiff" in respect to their conduct and work records (such as for example by alleging "that the younger or non-disabled employees also left their work area or had a comparable record to Plaintiff"). (Rep. at 5, 6.)

To support its position that Rule 12(b)(6) requires such factual particulars, PPG cites district court decisions finding various discrimination claims insufficiently pled. For example, in *Kasten v. Ford Motor Co.*, Case No. 09-11754, 2009 WL 3628012 (E.D.Mich. Oct. 30, 2009), laid off Ford employees alleged that Ford violated age discrimination laws in using a forced ranking system to select workers for severance. The plaintiffs claimed the

6

system favored younger employees at the expense of older ones. Some of the plaintiffs also claimed that Ford's use of a forced ranking system caused them to be laid off for additional unlawful reasons, including gender and race discrimination and in violation of Michigan's workers' disability compensation law (WDCA). Plaintiffs' age claims alleged that plaintiffs were over 40 and that Ford let them go while retaining younger, less-qualified workers for jobs plaintiffs were qualified to perform and that Ford had a policy of disproportionately targeting older workers. Plaintiffs claimed Ford's discrimination was intentional because Ford knew that using a forced ranking system in making severance determinations would favor younger employees. The district court found plaintiffs' allegations insufficient to satisfy *Iqbal*.

> The district court stated:
> 
> Regardless of whether Plaintiffs' Complaint touches on every element of the *McDonnell Douglas* prima facie case, it fails to allege sufficient material facts. . . . The Complaint states Plaintiffs' ages, but does not name those who replaced them, or give their ages. It identifies the policy which resulted in their severance, but does not explain why forced-ranking procedures disproportionately target older workers. It claims Ford was aware that such programs have discriminatory propensities, yet it does not state where this awareness came from, or supply evidence from which to infer that Ford designed the SIRP purposefully to cut older workers from its ranks.

*Kasten*, 2009 WL 3628012, at *4, *6.[2]

---

[2] The court also found plaintiffs' other discrimination claims insufficiently pled:

> Mr. Robertson and Ms. McKeown state the same core of facts as their co-plaintiffs: they are members of a protected class who were selected for termination by a labor-reduction program which discriminates on the basis of their age. For his WDCA claim, Mr. Robertson repeats these allegations, and simply adds that Ford also severed him for requesting workers' compensation benefits. Ms. McKeown does the same for her race and gender discrimination

7

In *Karipidis v. Ace Gaming LLC*, Case No. Case No. 09-3321, 2010 WL 2521209 (D.N.J. June 9, 2010), the district court found a federal disability discrimination claim insufficient under Rule 12(b)(6). Plaintiff alleged that he had a "prosthesis of the right arm" and was terminated because of this disability (as well as his ethnic origin). The district court held that plaintiff did not adequately allege a disability because he did not allege "that [his] impairment substantially limits a major life activity." *Karipidis*, 2010 WL 2521209, at *8. The court also found plaintiff's disability discrimination claim defective for the additional reason that plaintiff "failed to allege the element of causation." *Id.*, at *9. The plaintiff alleged that (1) he was advised in 2007 that his position was being eliminated; (2) he was duly qualified to continue in the position; and (3) he was later advised that other non-disabled American-born employees with lesser qualifications and performance records were being retained. The court found plaintiff's "general claim that he was terminated for discriminatory reasons too broad to put the opposing party on notice of his claims." *Id.*, at *8.

In contrast to the cases PPG cites, in *Britton v. Ferro Corp.*, Case No. 10 CV 1202, 2010 WL 3515619 (N.D. Ohio Sept. 1, 2010), a judge in this district denied a motion to dismiss Ohio age and race discrimination claims under Fed. R. Civ. P. 12(b)(6) where the plaintiff's complaint – like the complaint at issue here – contained the basic allegations as to

---

> claims, except that she asserts Ford retained less-qualified male and Causasian employees to work jobs for which she was qualified. Undoubtedly, these are the kind of minimalistic pleading the Supreme Court had in mind when it held that Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation."

*Kasten*, 2009 WL 3628012, at *5, quoting *Iqbal*, 129 S. Ct. at 1949.

the elements of a *prima facie* case. In *Britton*, Judge Gwin ruled that plaintiff adequately stated an age discrimination claim:

> Here, Plaintiff says (1) that he is fifty-seven years old; (2) that his employment with Ferro was terminated; (3) that he was qualified for the position of chemical operator and performed his job duties diligently; and (4) that he was treated less favorably than similarly situated younger employees. . . . Taken as true, these allegations make out a *prima facie* case of age discrimination . . . shifting the burden to the defendant . . . to offer a legitimate, non-discriminatory reason for its action. Accordingly, the Plaintiff has sufficiently pleaded a claim for age discrimination and the Court denies the Defendant's motion to dismiss this claim under Federal Rule of Civil Procedure 12(b)(6).

*Britton*, 2010 WL 3515619, at * 3.

Similarly, Judge Gwin found plaintiff's alleged race discrimination claim sufficient to survive dismissal:

> Here, the Plaintiff says (1) that he is an African-American; (2) that his employment with Ferro was terminated; (3) that he was qualified for the position of chemical operator and performed his job duties diligently; and (4) that he was treated less favorably than similarly situated white employees . . . . Again, if taken as true, these allegations allege a *prima facie* case of race discrimination, shifting the burden to the Defendant to offer a legitimate, nondiscriminatory reason for the termination. Accordingly, the Plaintiff has sufficiently pleaded a claim for race discrimination.

*Britton*, 2010 WL 3515619, at * 3.[3]

The complaint in this case sets forth similar allegations to those in *Britton*. This Court finds plaintiff's allegations sufficient to allege state law age and handicap discrimination claims under Fed. R. Civ. P. 12(b)(6). Although there is inconsistency among courts as to what is required to survive dismissal under Rule 12(b)(6) after the Supreme Court's decision

---

[3] Judge Gwin dismissed the plaintiff's remaining claim for intentional infliction of emotional distress, finding the plaintiff did not allege facts demonstrating serious emotional distress or that the employer engaged in "extreme and outrageous" conduct.

in *Iqbal,* the Supreme Court has acknowledged that determining plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950.[4]

Common sense here suggests that plaintiff's allegations are sufficient to give PPG notice of plaintiff's claims and that plaintiff's claims (regardless of their ultimate merit) are at least plausible at this juncture. The allegations in plaintiff's complaint read in plaintiff's favor indicate that plaintiff was terminated from PPG after working there for over thirty years; plaintiff falls within two legally protected classifications based upon his age and a handicap;[5] and plaintiff says he was abruptly fired by PPG after an incident occurring on June 12, 2008, as to which he was falsely accused of sleeping on the job and retaliatory conduct, and was replaced by employee/s outside of his protected classifications.

As in *Britton*, these allegations if proven to be true are sufficient to give rise to an inference of discrimination under *McDonnell Douglas*. Although plaintiff does not specifically identify the employees who replaced him, or allege facts showing that such employees were similarly situated to him in all respects, it cannot be persuasively argued that

---

[4] The *Kasten* court also acknowledged that there is "no roadmap for courts to distinguish between conclusory and well-pled factual allegations, and then determine whether such well-pled facts plausibly give rise to entitlement to relief." Nor is it clear how much factual content is necessary in order to give defendant fair notice. *See Kasten*, 2009 WL 3628012, at *7.

[5] Unlike the *Karipidis* court, the Sixth Circuit has not required specific allegations demonstrating that a disability substantially limits the plaintiff in a major life activity. *See EEOC v. Routh*, 246 F.3d 850, 854 (6th Cir. 2001) ("We hold that so long as the complaint notifies the defendants of the claimed impairment the substantially limited major life activity need not be specifically identified in the pleading.")

PPG does not have fair notice, on the basis of plaintiff's allegations, of the basis of plaintiff's claims against it. Further, the facts as to whether and what specific employees PPG retained to replace plaintiff would be better known to PPG at this point in time than to the plaintiff. Likewise, PPG presumably is aware of the reason it terminated plaintiff in June 2008. Requiring plaintiff to allege more specific facts demonstrating causation – or "linking" plaintiff's termination to his age or drug dependency – is counter to *McDonnell Douglas*, which allows for an inference of discrimination to be raised upon plaintiff's establishment of a *prima facie* case.

In sum, although some district courts have required more facts to be alleged at this stage in other cases, this Court finds plaintiff's complaint sufficient, in the context of this single plaintiff discrimination case, to establish "plausible" age and handicap discrimination claims.[6] Accordingly, Counts II and III are sufficient to withstand dismissal under Fed. R. Civ. P. 12(b)6).

**Conclusion**

For the reasons stated above, defendant's motion to dismiss plaintiff's claim of intentional infliction of emotional distress (Count I) is granted. The motion to dismiss is denied as to plaintiff's age and disability discrimination claims alleged in Counts II and III.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

---

[6] *Kasten*, involving multiple plaintiffs and multiple severance determinations under a forced ranking system, is distinguishable.